IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

SAUL VEGA,

        Plaintiff,

v.                                            CIVIL ACTION NO. 3:23-CV-72
                                                    (GROH)

JEFFREY D. CRAMER,

        Defendant.

**REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

The Plaintiff, an inmate at Huttonsville Correctional Center filed this civil rights action pursuant to 42 U.S.C. § 1983, on March 15, 2023, complaining that Marshall County, West Virginia Circuit Judge Jeffrey D. Cramer violated his civil rights while presiding over Plaintiff's criminal case in Marshall County Circuit Court case number 19-F-80. ECF[1] No. 1 at 2, 7 - 9.

The matter is now before the undersigned United States Magistrate Judge for a Proposed Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the undersigned recommends that the complaint be dismissed with prejudice.

---

[1] ECF Numbers cited herein refer to case number 3:23-CV-72 unless otherwise noted.

## II. FACTUAL AND PROCEDURAL HISTORY

According to the West Virginia Division of Corrections (DOC) Offender Search page, the Plaintiff is currently incarcerated at Huttonsville Correctional center as a result of his convictions for two counts of sexual assault in the third degree and two counts of soliciting a minor via computer. https://apps.wv.gov/ois/offendersearch/doc. DOC records show that the Plaintiff was sentenced on July 20, 2020, has a parole hearing scheduled for December 28, 2027, and a projected release date of June 27, 2038. Id.

The Plaintiff filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983, which consisted of the ten-page Court-approved form [ECF No. 1], 167 pages of attachments [ECF No. 1-1], and 10 pages of a transcript [ECF No. 1-2]. The case was initially dismissed on April 25, 2023, then reopened on May 1, 2023. ECF Nos. 10, 11.

On June 5, 2023, the Plaintiff filed a motion to amend, seeking to "supply[ ] the court[ ] additional evidence and document of my claim." ECF No. 15. The Court granted in part the Plaintiff's motion to amend on June 27, 2023. ECF No. 18. However, the Court ordered the Plaintiff to amend "on the Court-approved form and in compliance with the Local Rules of Prisoner Litigation Procedure." Id. at 2–3.

Thereafter, the Plaintiff filed a document styled "Motion of Supporting Documents to Claim #3 and Memorandum of Law." ECF No. 17.

On July 10, 2023, the Plaintiff filed an amended civil rights complaint, which is largely left blank, but again names as a sole defendant, Judge Cramer. ECF No. 20. The amended complaint alleges a single claim for relief but makes no substantive allegations, instead stating, "Petitioner has added additional claim and evidence to his original claim[s]. . . The motion to amend was set ahead of filing this amended form." Id.

at 7. The Plaintiff states that the damages, injuries, and relief are the same as set forth in the original complaint. Id. at 9.

Because the amended complaint is incomplete, makes no substantive allegations against the defendant, and makes no specific request for relief, the undersigned has instead considered the allegations contained in the initial complaint. The initial complaint form alleges five violations of the Plaintiff's constitutional rights: (1) obstruction of justice when Judge Cramer permitted the case to proceed, despite a jurisdictional claim that the crime did not happen in Marshall County [ECF No. 1 at 7]; (2) "due process of representing myself" because the Plaintiff "wrote the courts that [his] lawyer at the time was lying to [him] to just sign a plea deal and [the Plaintiff] was firing him and inform[ed] the court why in a letter and show proof of it" [Id. at 8][2]; (3) due process violation by denying the Plaintiff transcripts for an appeal [Id.]; (4) when Judge Cramer made an evidentiary ruling to admit the Plaintiff's statement to law enforcement [Id.]; and (5) when Judge Cramer denied the Plaintiff a new evidentiary hearing [Id.].

The Plaintiff contends that because of Judge Cramer's actions he was subjected to "cruel and unusual punishment, loss of my fundamental rights, defamation of character, emotional distress[,] sla[n]der and financial distress and public humiliation." Id. at 9. As relief, the Plaintiff asks that Judge Cramer "remove himself from any and all matter[s]" related to his criminal case 19-F-80, and "pay the sum of $750,000." Id.

---

[2] In an attached letter addressed to "Marshall County Judge," and dated February 2, 2021, the Plaintiff asserts that Judge Cramer improperly ruled on motions which were filed on behalf of the Plaintiff by Dean Williams, even though in a prior letter to the Court, the Plaintiff "stated that Dean Williams no longer and or [sic] represented me in this matter." ECF No. 1-1 at 5. In the same February 2, 2021, letter the Plaintiff questioned, "[h]ow is the court accepting a motion on my behalf from someone who is no longer working for me?" Id. The Plaintiff does not indicate if the Court ever entered an order relieving Dean Williams of his representation of the Plaintiff. The Plaintiff instead contends he "was never given anything saying no [sic] Dean Williams was still representing me from the court." Id. at 6.

On September 21, 2023, the Plaintiff filed a motion for summary judgment because Judge Cramer "ha[d] yet to reply."[3] ECF No. 24.

### III.     LEGAL STANDARD

**A.     Pro Se Litigant**

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

---

[3] The Court notes that it has not entered an order which directs the Defendant to file an answer or dispositive pleading.

[4] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

490 U.S. at 327.

### B. Failure to State a Claim

The Federal Rules of Civil Procedure require only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1, 92 S.Ct. 594, 596 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, even under this less stringent standard, a *pro se* complaint is still subject to dismissal. Haines, 404 U.S. at 520–21. "[T]he mandated liberal construction afforded to pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.'" Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir.1999). However, "judges are [ ] not required to construct a party's legal arguments for him." Small v. Endicott, 998 F.2d 411, 417 - 8 (7th Cir.1993).

Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading "requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

**C.    § 1983 Claims**

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254–257 (1978). In Gomez v. Toledo, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

Gomez, 446 U.S. at 640.

As to whether a state or local government can be named as a defendant in a §

6

9183 action, the Supreme Court held that, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." <u>Monell v. Dep't of Soc. Servs. of City of New York</u>, 436 U.S. 658, 694 (1978).

### IV. ANALYSIS

Plaintiff named the state judge who presided over his criminal trial as the sole defendant in his civil rights complaint. Actions authorized under § 1983 are intended to "deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." <u>Wyatt v. Cole</u>, 504 U.S. at 161.

However, it is well established that, " '[J]udges are absolutely immune from suit for a deprivation of civil rights' for actions taken within their jurisdiction." <u>Foster v. Fisher</u>, 694 F. App'x 887, 888 (4th Cir. 2017) (quoting <u>King v. Myers</u>, 973 F.2d 354, 356 (4th Cir. 1992)). As recognized by the Supreme Court, judges are "immune from civil suit 'for malice or corruption in their action whilst exercising their judicial functions within the general scope of their jurisdiction.'" <u>Butz v. Economou</u>, 438 U.S. 478, 508 (1978) (quoting <u>Bradley v. Fisher</u>, 80 U.S. 335, 13 Wall. 335 (1871)). The Court in <u>Butz</u> cited repeatedly to the reasoning of <u>Bradley</u>, noting that "the principle of immunity for acts done by judges 'in the exercise of their judicial function' had been 'the settled doctrine of the English courts for many centuries, and has never been denied, that we are aware of, in the courts of this country.'" <u>Id.</u> Further, the Court recognized that:

> If a civil action could be maintained against a judge by virtue of an allegation of malice , judges would lose "that

> independence without which no judiciary can either be respectable or useful." [ ] Thus, judges were held to be immune from civil suit "for malice or corruption in their action whilst exercising their judicial functions within the general scope of their jurisdiction."

Id. at 509 (quoting Bradley, 13 Wall at 347, 354). This immunity has long been recognized by both federal and state[5] courts.

Plaintiff asserts Judge Cramer took prejudicial action against him during the pretrial, trial and appellate portions of his criminal case in Marshall County Circuit Court. Even construing the Plaintiff's pleading liberally, he fails to state a claim upon which relief can be granted because Judge Cramer is absolutely immune from suit for judicial acts, including any judicial act which might result in a deprivation of civil rights.

First, the Plaintiff claims that Judge Cramer obstructed justice when the he ruled on a jurisdictional claim by the Plaintiff that the alleged crime did not happen in Marshall County [ECF No. 1 at 7]. However, ruling on a jurisdictional challenge of that nature was clearly a judicial act and function that was normally taken by the Court. Accordingly, Judge Cramer is immune from the Plaintiff's first claim for a deprivation of civil rights.

The Plaintiff's second claim of deprivation of rights was an alleged due process

---

[5] In Foster, the Fourth Circuit considered a § 1983 against a state magistrate, a state trial judge and other defendants, and quoting King, recognized that:

> "Magistrates are judicial officers, and are thus entitled to absolute immunity under the same conditions as are judges." *Id.* However, to be entitled to immunity, the act taken must be a "judicial act"—i.e., a "function [that is] normally performed by a judge, and [for which] the parties dealt with the judge in his or her judicial capacity." *Id.* (citation and internal quotation marks omitted). In addition, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (internal quotation marks omitted).

Foster v. Fisher, 694 F. App'x 887, 888 (4th Cir. 2017).

8

violation by the Judge Cramer who was aware that the Plaintiff wanted to fire his counsel, and thereafter considered and ruled on motions filed by his counsel. Id. at 8. Again, rulings on the termination of the attorney client relationship at the request of either the lawyer or client, or any motion filed by counsel on behalf of the Plaintiff, is a clear exercise of the judicial functions within the general scope of the court's jurisdiction. It is a judicial act and function normally taken by the Court. Accordingly, Judge Cramer is immune from Plaintiff's second claim for a deprivation of civil rights.

Third, the Plaintiff claims that Judge Cramer violated his due process rights when he denied the Plaintiff transcripts for an appeal [Id.]. Any decision that Judge Cramer may have made related to the provision of transcripts is within the purview or jurisdiction of a court. The Plaintiff attached many exhibits, including court orders, to his initial complaint. Although the Plaintiff does not specify which transcripts he was "denied", one of the orders he filed herein is a protective order which relates to a recorded interview of children identified as "J.C., I.W., J.Y. and Je.C." ECF No. 1-1 at 67. Further, the protective order provides that "interviews of an interviewed child may not be duplicated or published except pursuant to the terms of an order of a court of competent jurisdiction. W.Va. Code §62-66- 6(a)." Id. at 68. The protective order also provides ten conditions under which the "parties are authorized to prepare transcripts of the recordings as needed." Id. at 68–69. A determination of when and to whom a transcript should be provided is clearly a judicial act and function normally taken by the Court. Any decision by Judge Cramer relating to the production of a transcript, even if in error, is a judicial act and therefore Judge Cramer is immune from Plaintiff's third claim for a deprivation of civil rights.

9

The Plaintiff's fourth claim, that Judge Cramer permitted the admission into evidence of the Plaintiff's statement to law enforcement, fails to state a claim upon which relief may be granted. Evidentiary rulings by the trial court are part of the foundational role of a judge. Making evidentiary rulings are a judicial act and function ordinarily taken by a Court, and accordingly, Judge Cramer is immune from the Plaintiff's fourth claim for a deprivation of civil rights.

Finally, the Plaintiff's fifth claim for relief, that Judge Cramer denied the Plaintiff a new evidentiary hearing, does not state a claim upon which relief may be granted. The determination of whether to grant a party a new hearing, or rehearing, is part of the exercise of judicial acts and functions within the general scope of a trial court's jurisdiction. Therefore, Judge Cramer is immune from Plaintiff's claims for violation of his civil rights under this theory.

Even construing Plaintiff's pleading liberally, he fails to state a claim upon which relief can be granted as to Judge Cramer. All of the actions of Judge Cramer at issue were judicial acts normally performed by a judge in his judicial capacity. Judge Cramer as the presiding judge had jurisdiction to decide those issues to which the Plaintiff now complains, and is entitled to absolute immunity. Accordingly, the Plaintiff's complaint as to this defendant should be dismissed with prejudice.

## V.     RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be DENIED and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE** because Petitioner failed to state a claim upon which relief may be granted.

It is further **RECOMMENDED** that the Plaintiff's motion for summary judgment [ECF No. 24] be **TERMINATED as MOOT**.

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: February 1, 2024

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE