IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**SAUL VEGA,**

       Plaintiff,

v.                                    **CIVIL ACTION NO.: 3:23-CV-72 (GROH)**

**JEFFREY D. CRAMER,**

       Defendant.

### ORDER OVERRULING OBJECTION AND ADOPTING
### THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Now before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble. ECF No. 30. Pursuant to the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. In his R&R, Magistrate Judge Trumble recommends (1) the Plaintiff's civil rights Complaint [ECF No. 1] be denied and dismissed with prejudice[1] and (2) the Plaintiff's motion for summary judgment [ECF No. 24] be terminated as moot. See ECF No. 30 at 10–11. The Plaintiff filed his objections to the R&R on February 27, 2024. ECF No. 33. Accordingly, this matter is ripe for adjudication.

### I.  LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.

---

[1] The Court notes here that the R&R's "Recommendation" section recommends dismissal of a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 30 at 10. However, as the R&R states in its introduction, this case originates from a complaint filed pursuant to 42 U.S.C. § 1983. Id. at 1. Therefore, the Court considers any reference to a § 2241 petition as a scrivener's error and interprets any such reference as relating to the pending § 1983 complaint.

However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review and the Plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Pursuant to this Court's Local Rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The Local Rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. N.Y. State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's

2

R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Id. at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the [C]ourt to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12. Objections must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." Osmon v. United States, 66 F.4th 144, 146 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). While "[d]istrict courts are not expected to relitigate entire cases to determine the basis of a litigant's objections[,] . . . [i]f the grounds for objection are clear, district court judges must consider them *de novo*, or else run afoul of both § 636(b)(1) and Article III [of the U.S. Constitution]." Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023).

Finally, the Fourth Circuit has long held, "[a]bsent objection, [no] explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

## II.  DISCUSSION

First, the Court finds Magistrate Judge Trumble accurately and succinctly summarized the factual and procedural history of this case in his R&R. ECF No. 30 at 2–4. In the interest of brevity, the Court incorporates that summary herein.

As to the merits, Magistrate Judge Trumble recommends the Court dismiss with prejudice the Plaintiff's civil rights complaint. Id. at 1, 10. Specifically, Magistrate Judge Trumble concludes each of the Plaintiff's five claims fail to state a claim upon which relief

3

can be granted because the Defendant—West Virginia Circuit County Judge Jeffery D. Cramer—"is absolutely immune from suit for judicial acts, including any judicial act which might result in a deprivation of civil rights." Id. at 8.

In his objection to the R&R, the Plaintiff appears to object exclusively to Magistrate Judge Trumble's conclusion regarding the Plaintiff's first claim for relief. See ECF No. 33 at 1 ("The Plaintiff has read [Magistrate Judge Trumble's R&R,] and respectfully disagree[s] with his report of failure to state a claim. . . . *The* problem is when it come[s] to the first claim[.]" (emphasis added)). In his first claim, the Plaintiff asserts Judge Cramer obstructed justice in the Defendant's underlying prosecution by finding he had jurisdiction over the case despite allegedly not possessing such jurisdiction.[2] ECF No. 1 at 7. Here, Magistrate Judge Trumble found that Judge Cramer is absolutely immune from that claim because the Ruling was a judicial act and function. Specifically, the Plaintiff contends Judge Cramer "forfeited the protection of judicial immunity . . . [when he] gave himself jurisdiction as a judge." ECF No. 33 at 3, 6. Essentially, the Plaintiff seemingly argues Judge Cramer lacked jurisdiction to determine his own jurisdiction, and therefore, the Ruling "falls outside [his] judicial role[.]" Id. at 4.

The Court reviews the Plaintiff's objection *de novo*. See Osmon, 66 F.4th at 146; Elijah, 66 F.4th at 460. Upon review and consideration of the Plaintiff's objection and the arguments made therein, the Court finds no good cause to sustain it.

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction[.]" Pierson v. Ray, 386 U.S. 547, 553–54 (1967) (citing Bradley v. Fisher, 80 U.S. 335

---

[2] In the interest of clarity, Judge Cramer's finding that he had jurisdiction over the case is referred to hereinafter as "the Ruling."

4

(1871)), abrogated in part on other grounds by Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978) (qualified immunity). And § 1983 did not abolish the doctrine of judicial immunity. Id. at 554. Indeed, subjecting judges to litigation—even when it involves charges of malice or corruption—"would contribute not to principled and fearless decisionmaking but to intimidation." Id.

Consequently, judges are "absolutely immune from suit for a deprivation of civil rights brought under . . . § 1983," so long as (1) the challenged action was a judicial act and (2) it was not done in the "clear absence of all jurisdiction." King v. Myers, 973 F.2d 354, 356–57 (4th Cir. 1992) (citing Stump v. Sparkman, 435 U.S. 349 (1978)). An action is considered a judicial act when (1) it is normally performed by judges and (2) "the parties dealt with the judge in [their] judicial capacity." Id. at 357. In considering whether a judicial act was done in the "clear absence of all jurisdiction," the proper inquiry is "'whether at the time [the judge] took the challenged action [they] had jurisdiction over the subject matter before [them]," and, in answering that question, 'the scope of the judge's jurisdiction must be construed broadly.'" King, 973 F.2d at 357 (first alteration in original) (quoting Stump, 435 U.S. at 356).

Here then, in considering whether Judge Cramer is immune from suit regarding the Ruling, the Court must determine the following: (1) whether judges normally determine their own jurisdiction; (2) whether the parties dealt with Judge Cramer in his judicial capacity; and (3) whether, at the time of the Ruling, Judge Cramer possessed jurisdiction to determine his own jurisdiction. Upon review, and for the below reasons, the Court answers each in the affirmative and overrules the Plaintiff's objection.

5

First, the Court finds judges normally determine their own jurisdiction. Indeed, "[trial courts, and trial courts] alone, necessarily [have] jurisdiction to decide whether [a] case [is] properly before [them]." United States v. United Mine Workers, 330 U.S. 258, 291 (1947). Second, there is no question the parties before Judge Cramer—state prosecutors and a criminal defendant—dealt with him in his judicial capacity.

Finally, the Court finds Judge Cramer had jurisdiction to determine his own jurisdiction when he did so in the Ruling. The Plaintiff essentially argues that because the Ruling was incorrect—i.e., because Judge Cramer did not have jurisdiction over the case—Judge Cramer lacked jurisdiction to make the Ruling in the first instance. Thus, the Plaintiff's argument goes, because Judge Cramer lacked jurisdiction to determine his own jurisdiction, he acted outside his judicial role and forfeited his judicial immunity by so determining in the Ruling.

However, the Plaintiff's argument is a red herring. In considering judicial immunity, it matters not whether Judge Cramer's decision was correct, and any arguments related thereto are beyond the scope of this action. See United Mine Workers, 330 U.S. at 292 ("even if the [trial court] had no jurisdiction to entertain [the case], . . . [the appellate court, and the appellate court] alone, could decide that such was the law."). Rather, the question as to judicial immunity here is whether Judge Cramer possessed jurisdiction to make the decision at all. See King, 973 F.2d at 357. And Judge Cramer plainly possessed jurisdiction to make that decision. It is well-settled that "[e]very court of general jurisdiction has [the] power to determine whether the conditions essential to its exercise exist." Tex. & P. Ry. Co. v. Gulf, C. & S.F. Ry. Co., 270 U.S. 266, 274 (1926). Thus, Judge Cramer had jurisdiction to determine his own jurisdiction when he did so in the Ruling.

6

Therefore, because issuing the Ruling was a judicial act for which Judge Cramer possessed the jurisdiction to perform, the Court holds Judge Cramer is immune from the Plaintiff's first claim.

### III. CONCLUSION

For the above reasons, the Plaintiff's objection [ECF No. 33] is **OVERRULED**. After a review of the remainder of the R&R, this Court holds the R&R carefully considered the record and applied the appropriate legal analysis. Therefore, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 30] should be, and is, hereby **ORDERED ADOPTED**. For the reasons more fully stated in the R&R, it is **ORDERED** that the Plaintiff's Complaint [ECF No. 1] be **DENIED** and this civil action be **DISMISSED WITH PREJUDICE**.

It is **FURTHER ORDERED** that the Plaintiff's motion for summary judgment [ECF No. 24] be **TERMINATED AS MOOT**.

This matter is **ORDERED STRICKEN** from the Court's active docket. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: June 24, 2024

GINA M. GROH
UNITED STATES DISTRICT JUDGE